# WHEELER *v.* STATE OF INDIANA.

### [No. 8,233.    Filed December 13, 1912.]

1. APPEAL.—*Assignment of Errors.—Questions Presented.*—Under §1635 Burns 1908, Acts 1907 p. 221, providing for appeals from the juvenile court, an assignment of error, that the decision of the court is contrary to law, is sufficient to present the sufficiency of the facts found to sustain the judgment. p. 623.

2. PARENT AND CHILD.—*Nonsupport of Children.—Dependent Child.—Neglected Child.—Sufficiency of Findings.*—A special finding of facts by the juvenile court, in a prosecution against a father for contributing to the neglect of his children, showing that the mother left the defendant, taking the children with her, and that, after an unsuccessful attempt to obtain a divorce, she took the children to the home of her sister where they were kept contrary to the wishes of defendant, that defendant had provided a home and had insisted that the wife and children return to it, and that he refused to pay money for the support of the children so long as they were kept at the home of his wife's sister, is insufficient to show that such children were either dependent or neglected children within the meaning of §§1642, 1643 Burns 1908, Acts 1907 p. 59, §§1, 2, defining dependent and neglected children, so as to render the father guilty of a misdemeanor under the provisions of §1645 Burns 1908, Acts 1907 p. 59, §4. pp. 625, 627.

3. PARENT AND CHILD.—*Support of Children.—Duty of Father.*—It is the duty of a father to support his minor children in return for which he is entitled to their services and companionship. p. 627.

4. HUSBAND AND WIFE.—*Rights of Husband.—Family Domicile.*—A father, as head of the family, has a right to establish a domicile for the members of his family and to insist that they dwell there, in the absence of a sufficient reason for them not to do so. p. 627.

From Juvenile Court of Marion County (6058a); *Newton M. Taylor,* Judge.

Prosecution by the State of Indiana against William L. Wheeler. From a judgment of conviction, defendant appeals. *Reversed.*

*Earle E. McFerren,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaaman, Edwin Corr* and *James E. McCullough,* for the State.

IBACH, C. J.—This was an action under §1645 Burns 1908, Acts 1907 p. 59, §4, against appellant for contributing to the neglect of his children. The State, on October 27, 1911, filed an affidavit by Emma Wheeler, wife of appellant, charging him with unlawfully and feloniously neglecting his children, and leaving them without proper provision for their support. Appellant pleaded not guilty. On trial by the court he was found guilty of a misdemeanor, fined $1 and costs, and ordered to pay $5 a week for the support of his children. Appellant's motion for a new trial was overruled, and he then prayed an appeal to this court. On request for appeal the judge of the juvenile court, in obedience to the requirements of §1635 Burns 1908, Acts 1907 p. 221, certified the facts of the case to this court in the form of a special finding. It is assigned, among other 1. errors, that the decision of the court is contrary to law, and this assignment, under §1635, *supra,* is sufficient to present the sufficiency of the facts found to sustain the judgment.

The facts of the case, as certified by the judge, are the following: "1. That Emma Wheeler, the prosecuting witness, and William Wheeler, the defendant, were married on July 14, 1901. 2. That the prosecution herein is under §1645 Burns 1908 [Acts 1907 p. 59, §4]. 3. That Emma Wheeler is the mother of the following children, whose names and ages are as follows: Gladys, six years of age; Margie, eight years of age; Lewis, nine years of age, and that William Wheeler, the defendant, is the father of said children. 4. That on July 28, 1911, Emma Wheeler,

the prosecuting witness, left the accused, her husband, and took with her the said children and the furniture that was in the home of the prosecuting witness and defendant, and took the same to the home of witness's sister at 703 North Illinois street in the city of Indianapolis. 5. That on August 4, 1911, said Emma Wheeler filed a suit for divorce in the Marion Superior Court, and her husband, the accused, filed a cross-complaint, and a divorce was denied each of the parties. 6. That there was temporary allowance of $5 per week, which was paid by Mr. Wheeler up to the time of the trial of the divorce suit, September 30, 1911. 7. That afterwards Mr. Wheeler brought *habeas corpus* proceedings against Mrs. Wheeler and her sister, Miss Mary Buchanan, and the court refused to change the custody of the said children in said suit and left said children with the mother and sister. 8. The court further finds that Mr. Wheeler, subsequent to the divorce suit and the *habeas corpus* proceedings, provided a home, bought new furniture, and provided light, fuel, and provisions for said children and for the wife, if she would come also, and asked and wanted and offered to take said children to said home and care for them. 9. That Mrs. Wheeler and Miss Mary Buchanan refused to let the children go to the said home and Mrs. Wheeler did not accept the invitation to go along with said children. The court further finds that Mr. Wheeler after the divorce suit refused to pay money to any one for the support of said children so long as they were kept at the home of the sister-in-law, Miss Mary Buchanan, and that he was at all times ready and willing to support the children elsewhere, and especially at his own home. 10. The court finds that from September 30 to October 27, 1911, the defendant bought and furnished his children one pair of shoes each and an overcoat for the boy. 11. That the said William Wheeler refused to pay money for said children while they were in the care of Emma Wheeler and said Mary Buchanan, although Emma Wheeler demanded and

requested him to support said children before the bringing of this action and that he so failed to provide proper support for the said children for the reason that he had a home of his own in which he offered to support them and for the further reason that he did not like the place where the said children were kept by their mother. 12. That said Emma Wheeler was sick and out of work and had no means out of which to support said children and that said William Wheeler knew that fact. 13. That during the time from September 30, 1911, to the filing of the affidavit herewith the said mother, Emma Wheeler, demanded of the defendant money for the support of said children, which the defendant refused to furnish for the reasons aforesaid. 14. That said William Wheeler is a hardworking man, who makes on an average of $12 to $15 per week; that he had no bad habits of any kind except the refusal to pay money for the care of his said children as herein above set out. 15. That the foregoing facts and occurrences took place in the county of Marion, and State of Indiana.''

Section 1645, *supra,* under which this action is brought, is §4 of an act of February 22, 1907, Chapter 41 of the acts of 1907, entitled ''An act defining a dependent child and a neglected child, and providing for their custody and the punishment of any person responsible for, or in any way contributing to, such dependency or neglect.'' Section 1642 Burns 1908, Acts 1907 p. 59, §1, defines a dependent child as a boy under the age of sixteen, or a girl under the age of seventeen, ''who is dependent upon the public for support, or who is destitute, homeless or abandoned.'' Section 1643 Burns 1908, Acts 1907 p. 59, §2, defines a neglected child as one under the age above ''who has not proper parental care or guardianship.'' Appellee relies on the proof in the present case as showing that appellant's children were dependent and neglected, within the definitions above quoted.

Section 1645, *supra*, provides that "when any child is found to be dependent or neglected, as defined by sections 1 and 2 of this act, the parent, parents, person or persons having the care, custody or control of such child, or any other person, who is or are responsible for, or who by any act or omission of duty encourages, counsels or contributes to the neglect of such child, or who, by reason of wilful neglect of any duty owing by said parent or parents, person or persons to such child, is or are responsible for its neglect or dependency, shall be deemed guilty of a misdemeanor," etc.

The facts as certified by the court do not show that appellant's children were dependent or neglected, within the definition of the statute. They were not dependent on the public for support, destitute, neglected or abandoned, nor without parental care. They were at all times with their mother, and appellant was at all times willing and anxious to provide them a comfortable home. Appellant did not neglect them, neither did he commit any act or omit any duty contributing to their neglect. His wife left the home voluntarily, and as her petition for divorce was denied, this court may presume that she had no legal cause for leaving and refusing to return, and that she did so from mere whim or caprice on her part. She took the furniture in the home of herself and appellant, and he then refurnished and prepared a comfortable home for the children and the mother, if she wished to return, and besought them to return. The childrens' return was prevented by their mother and aunt. Appellant did not ask to take the children away from their mother, but wanted to provide a home where they might have the care of both parents. He did not support them while in the custody of their mother and aunt, for the reasons that he had provided a home of his own in which to keep them, and that he did not like the place where they were kept by their mother, but he was ready to support them at any other place. It is unquestionably the duty of

a father to support his minor children, but in return for this support he is entitled to their services and companionship. No reason is shown for the wife's refusal to live with appellant, and no reason why he should not have the services and companionship of his children. Appellant was entirely within his rights as the head of the family in establishing the domicile for the members of his family, and insisting that they dwell there, since no good or legal reason appears why they should not. It cannot be said that he refused to support his children, for he had a home in readiness to receive them all the time. He was only insisting on his right to fix his family's place of residence, and there is no reason shown why he should not exercise such a right. It appears that the wife who left home without cause, and the sister with whom she lived, were responsible, rather than appellant, for any lack of proper support of the children, if they were not properly supported, and it does not appear from the finding of facts that the children were not adaquately supported by the mother and aunt. When a father provides a home for his wife and children, he does not contribute to the neglect or dependency of the children if they fail to receive the benefit of such home, solely because their mother, for no legal, just or practical reason refuses to bring them into such home. His children, under such circumstances, are not dependent or neglected, within the meaning of the statute. The legislature, by the enactment of this statute, did not intend that when there are some minor differences between wife and husband, which do not afford grounds for divorce, the wife may take the children to a home of her own selection, refuse to return or to allow the children to return to a comfortable home, suitable to their station in life, provided by the husband, refuse to allow him, the legal head of the family, to set up the family domicile where he sees fit, and then, in the face of no legal reason for their separation, have the husband and father

convicted of a criminal act, solely because he refuses fully to support the children in the home set up by the mother.

The decision of the trial court was contrary to law, and the judgment is reversed.

Note.—Reported in 100 N. E. 25. See, also, under (1) 2 Cyc. 997; (2) 29 Cyc. 1677; (3) 29 Cyc. 1606, 1623; (4) 21 Cyc. 1150. As to the liability of parent and child for the support of one another, see 64 Am. Dec. 279; 117 Am. St. 128. As to the duty of the father to support a child awarded to the mother by a decree of divorce, see 114 Am. St. 700.