## NULL *v.* STATE OF INDIANA.

### [No. 24,140. Filed November 14, 1922.]

1. PARENT AND CHILD.—*Nonsupport of Children.—Conviction.—Evidence.—Sufficiency.—Statutes.*—In a prosecution of a father for failure to support his children in violation of §2635c Burns' Supp. 1921, Acts 1915 p. 139, evidence *held* sufficient to sustain a judgment of conviction. p. 454.

2. CRIMINAL LAW.— *Appeal.— Verdict.— Conclusiveness.— Evidence.*—Where in a criminal case there is any evidence to support a finding or verdict, the judgment will not be reversed on appeal for insufficiency of evidence. p. 454.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Prosecution by the State of Indiana against Theodore Null. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Lee J. Hartzell* and *Levi A. Todd,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This action against appellant is for violation of §2635c Burns' Supp. 1921, Acts 1915 p. 139, §1.

The facts of the case as disclosed by the evidence most favorable to the finding of the court are: that appellant was married in October, 1915, since which time five children had been born to appellant and his wife. One of these children died in infancy, and, of the four living,

three are girls under the age of six years, and one a son of the age of three years. The youngest girl was born in April, 1921. In November, 1920, appellant, his wife, and the children were living in the city of Fort Wayne in a rented house, and he was employed at wages of $4.50 per day. On account of the family being unable to "get along," as was expressed in evidence, they had to give up their rented home on account of nonpayment of rent, and sold their property, except such furniture as the wife took away with her, to obtain money to pay debts. At this time the whole family went to the farm home of the wife's father. Appellant remained on the farm with his wife and children during the time the wife's father was on a trip in a distant state, which was for a period of about six weeks, during which time appellant did chores and assisted in gathering some corn on this farm. After his wife's father returned, appellant left his wife and children on the farm and went to Fort Wayne, but did not get employment there, and thereafter obtained employment with different farmers until in August, 1921, when he was slightly indisposed until the end of October, when he had recovered. After appellant left the farm of his father-in-law he made no payments of money, neither did he furnish anything whatsoever to his wife or children until in January, 1921, when he began to make payments of money to his wife, amounting to about $100 in payments from the beginning until the middle of August of that year. Thereafter the only payment made by him was $1 at Christmas time 1921. He gave to the wife in this period two suits of children's underwear. This was all the support he gave either to the wife or children. His wife had no property, income, or means of support. During this period and in April, 1921, his wife gave birth to their fifth child at her father's home. Appellant had not visited his wife or children for a period of

about five months before the trial, which occurred January 28, 1922. Appellant was an able-bodied man.

This action is based upon an affidavit in two paragraphs, the first of which charged appellant with failure to support his children, and the second with failing to support his wife and children.

The case was tried by the court without the intervention of a jury, which resulted in a finding that the defendant was guilty as charged in the first count of the affidavit. The error relied upon to reverse the judgment is the overruling of the motion for a new trial, for the reasons that the finding of the court was not sustained by sufficient evidence and was contrary to law.

By the facts shown above as taken from the evidence, it will be seen that appellant had not provided for his children for a period of nearly five months previous to the bringing of this action, except the payment of $1 to his wife at Christmas time, although one of the children was an infant of but a few months of age, and all the others were under six years of age; and that appellant was physically able-bodied and able to work. Although not recited as facts in the foregoing statement, it is disclosed by the evidence of appellant himself that he was able to work; that he lived with his brother doing chores for his board, and was without any other employment whatever; and that he had been employed from time to time, but not at one place for any length of time; that he was able to earn, and had earned in a factory $4.50 a day.

Appellant maintains that he had secured a position to manage and operate a farm for a period of a year at a salary of fifty dollars per month, but that it would be necessary for him to live on the farm and occupy the farm house with his family. Based upon this claim he insists that he is not under legal obligation to furnish support for his children, in that his wife refused to go

to live on this farm with their children.    He cites as authority in support of this contention, *Wheeler* v. *State* (1912), 51 Ind. App. 622, 100 N. E. 25.

The trial court found against appellant on this very proposition.   A review of the evidence discloses that appellant had not secured such position, and also, that he had not provided, or even offered to provide, furniture for a home there or anywhere, or food or clothing for his children.   Appellant's case is markedly distinguished from the case cited by him.

The evidence most favorable to appellee is amply sufficient to support the finding.   Where there is any evidence to support a finding or verdict, the judgment will not be reversed upon appeal.   1, 2. *Kistler* v. *State* (1921), 190 Ind. 149, 129 N. E. 625.

It is therefore held that the finding is sustained by sufficient evidence, and that it is not contrary to law.

Affirmed.