LOFTUS *v.* STATE OF INDIANA

[No. 28,101.   Filed November 2, 1945.   Rehearing Denied December 7, 1945.]

*Harry Taylor,* of South Bend, for appellant.

*James A. Emmert*, Attorney General, and *Frank E. Coughlin*, First Assistant Attorney General, for the State.

STARR, J.—An indictment in two counts was returned against appellant in the LaPorte Circuit Court, the first charging murder in the first degree, and the second murder in the second degree. On a plea of not guilty, said cause was sent to the Superior Court of St. Joseph County on a change of venue, there a trial was had by jury and a verdict returned finding the appellant guilty of murder in the second degree, and fixing his penalty at life imprisonment.

Appellant assigned as error the overruling of his motion for a new trial and the overruling of his motion in arrest of judgment.

The only cause for a new trial which is set out in appellant's brief and supported by Propositions, Points and Authorities is the refusal of the court to give defendant's requested instruction No. 3 which is as follows:

"Before the State can ask a conviction of this defendant in this case it is required to prove, beyond a reasonable doubt, that the defendant, Robert Loftus, feloniously killed William Tennell or that he was present, aiding and abetting some other person in said killing at the place and time and in the manner and form alleged in the indictment. It is not sufficient, if the State has enveloped the death of William Tennell in mystery that is incapable of explanation without inferring the defendant's guilt. To convict, the State is required to explain all mystery sufficiently to remove all reasonable doubt and establish facts that are susceptible of explanation upon no reasonable solution, and beyond all reasonable doubt."

Apparently this tendered instruction is based on dictum expressed by this court in the case of *Schusler v.*

*The State* (1868), 29 Ind. 394. The evidence is not in the record, but we cannot conceive how this instruction could be proper in any case. Certainly no harm was done by the refusal of this instruction as the jury was adequately instructed on the question of reasonable doubt by the other instructions which were given, particularly appellant's instructions No. 12, 13 and 14, and State's instruction No. 17.

Said motion in arrest is substantially as follows: That defendant was heretofore indicted by the Grand Jury of LaPorte County under jurisdiction of the LaPorte Circuit Court for the same offense as is herein charged; that after said indictment a change of venue was taken to the St. Joseph Circuit Court, where a trial was had and the defendant was found guilty, a copy of said indictment is attached to said motion; that after a finding of guilty and judgment thereon said cause was appealed to this court where the same was reversed by this court whose opinion is reported in *Loftus* v. *State* (1944), 222 Ind. 139, 52 N. E. (2d) 488; that thereafter said opinion was duly certified and filed in the St. Joseph Circuit Court, and said opinion and madate have not been modified and were in full force and effect at the time of the return of the indictment herein in the La-Porte Circuit Court; that the defendant made no election pursuant to § 9-1308, Burns' 1940 Replacement, that in the event of a new prosecution for the same offense, the same should be instituted in LaPorte County, nor has he ever refused to make such election or been required to do so; and that he did not know that a new prosecution was intended to be instituted against him for said offense or that one had been instituted until after the indictment herein was returned and the warrant served at a time when he was still confined in the St. Joseph County Jail; that upon said warrant being

served, he was arrested and returned to LaPorte County for arraignment; that he was not represented by an attorney until following said arraignment at which time he stood mute, and a plea of not guilty was entered by the court; that there is no record of any election or permission to make an election or of any request to make an election as to the county of any new prosecution for the said offense; and that at all times mentioned in the motion the original indictment was pending in the St. Joseph Circuit Court.

The record shows that the offense was clearly within the jurisdiction of the LaPorte Circuit Court. A motion in arrest of judgment can only be granted for defects apparent on the record. *Case v. State* (1854), 5 Ind. 1; Gillett on Criminal Law (2d ed.) § 960. All of the material facts set out in the motion to arrest are *de hors* the record. "An objection which must be established by extrinsic proof is not a good ground for a motion in arrest of judgment." 15 Am. Jur. 100, *Criminal Law* § 436. Even could such extrinsic facts be considered, the appellant has made no effort to bring these matters before us as there is no bill of exceptions in the record showing that such facts were considered or that proof was offered in support of said motion. *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775.

This motion is based on the assumption that the grand jury had no right to inquire into the offense charged for the reason that such offense was not within the jurisdiction of the court due to a failure to elect as provided by § 9-1308, Burns' 1942 Replacement, cl. 1. To this we cannot agree. If appellant had desired to take advantage of the facts set out in said motion, the same should have been interposed by a plea in abatement, but this too would have failed as

appellant has made a wrong conclusion of law in said motion in alleging that he was now being charged with the same offense as in the original case. The case of *Loftus* v. *State, supra,* clearly shows that the appellant herein was not charged with the same crime with which he is now charged, nor is the present charge included in the offense charged in said original case.

The judgment is affirmed.

NOTE.—Reported in 63 N. E. (2d) 290.