OLDHAM *v.* STATE OF INDIANA

[No. 28,137. Filed March 13, 1946.]

Ira M. Holmes, of Indianapolis, for appellant.

James A. Emmert, Attorney General, and Frank E. Coughlin, First Assistant Attorney General, for the State.

GILKISON, J.—The appellant was charged by indictment with the crime of murder in the first degree in the court below. To this charge he waived an arraignment and entered a plea of not guilty. Trial was by jury. The verdict found appellant guilty of manslaughter and that he is 39 years old. The judgment committed him to the Indiana State Prison for not less than two nor more than 21 years.

The assignment of errors raises the questions:

1. That the trial court erred in overruling the appellant's motion for new trial.

2. The trial court erred in overruling appellant's request for instructions numbers 1 and 2.

The motion for new trial is for the reasons:

The verdict is not sustained by sufficient evidence.

The verdict is contrary to law.

Error of law in refusing to give defendant's requested instruction No. 1.

Error of law in refusing to give defendant's requested instruction No. 2.

We shall discuss these alleged errors in reverse order.

Instruction No. 1 tendered by defendant is as follows:

"To warrant the conviction of the defendant herein, the State must prove beyond a reasonable doubt the charges made against the defendant in the indictment. It is not sufficient if the State has enveloped this case in mystery, that is incapable of understanding without inferring the guilt of the defendant. The state in order to convict this defendant is required to explain all mystery sufficiently to remove all reasonable doubt and to establish facts that are susceptible of explanation upon no reasonable hypothesis consistent with the innocence of the defendant, and that point to his guilt beyond any other reasonable solution and beyond all reasonable doubt."

Instruction No. 2 tendered by defendant is as follows:

"A reasonable doubt does not include every possible doubt that might exist in the field of man's speculation, but in a case where the defendant's liberty is in jeopardy, as in this case, there must not only be a conscientious belief of guilt, but there must be a conscientious conviction that there is no reasonable doubt of guilt."

It will be noted that the two instructions tendered are on the subject of reasonable doubt. The court by its own instructions Nos. 20, 21 and 22, fully and correctly instructed the jury on this subject, covering every point contained in the two tendered instructions, except the matter of "mystery" contained

in tendered instruction No. 1. We have examined the evidence as recited in appellant's brief and in the bill of exceptions, and we find no mystery therein. Deputy Coroner, Lewis, who arrived at the scene of the homicide between six and seven o'clock in the evening of the homicide, on turning over the body of the dead man observed an open red handled, single blade pocket knife covered with blood lying under the body. The dead man's right hand was not clutching the knife. There was some evidence from other witnesses that the knife was near the palm of the right hand, the little finger being curved toward it. Since the dead man's throat had been cut so that the head was almost severed from the body, all the evidence concerning the physical conditions of the body, the room in which it was, the furniture and the knife was properly heard, but there was no mystery in this evidence. Whether this knife or another was the one with which the homicide had been committed was not material in determining the defendant's guilt or innocence but all matters connected therewith were proper evidence for the jury to consider. Since there was no mystery to be solved instruction No. 1 could only have tended to mislead and confuse the jury, and in so far as it referred to a mystery, it was not applicable to the case made by the evidence. We think no error was committed in refusing the two tendered instructions. *Loftus* v. *State* (1945), 223 Ind. 647, 63 N. E. (2d) 290; *Walters* v. *State* (1914), 183 Ind. 178, 181, 108 N. E. 583; *Roots and Another* v. *Tyner and Another* (1857), 10 Ind. 87, 92; *Knapp* v. *State* (1906), 168 Ind. 153, 161, 79 N. E. 1076; *Panama Railroad* v. *Johnson* (1923), 264 U. S. 375, 393, 44 S. Ct. Rep. 391; *Johnson* v. *Johnson* (1917), 201 Ala. 41, 77 So. 335, 6 A. L. R. 1031, 1037; *Conroy* v. *Fall River Herald News Pub. Co.* (1940), 306 Mass. 488, 28 N. E. (2d) 729; 132

A. L. R. 927; 14 R. C. L. § 44, *Instructions*, 775; 53 Am. Jur. § 525, *Trial* 422.

We now consider the contentions that the verdict is not sustained by sufficient evidence and is contrary to law. The evidence indicates that a fight started between appellant and decedent at a craps game, and when the fighters produced knives, the bystanders all hurriedly left the room, one of them having received a cut on the hand. None of them were present when the fatal blows were struck. The deputy coroner testified:

"There were two wounds in the anterior portion of the neck of decedent, approximately six or six and a half inches long. The wound on the right side had severed the carotid sheath and downward behind the clavicle into the upper lobe of the right lung. The wound on the left was almost an exact counterpart as the one on the right, and it had severed a part of the carotid sheath and the jugular vein. I would estimate that death would ensue within the space of five minutes at the most."

So far as shown by the record the appellant was uninjured.

Of course this court has no authority to weigh the evidence. *Alderson* v. *State* (1929), 201 Ind. 359, 365, 168 N. E. 481; *Malich* v. *State* (1929), 201 Ind. 587, 589, 169 N. E. 531. That was a duty of the trial jury, and it has performed the same and returned its verdict. The right and duty of weighing the evidence was then presented to the trial court by the motion for new trial. It has conscientiously performed its duty in that matter, overruling the motion. Thereby the trial jury and trial court have solemnly said to us that the evidence is sufficient to sustain the verdict. We think there is evidence of every essential element to constitute the crime of manslaughter, and therefore we can not interfere with the judgment on that ground.

*Landreth* v. *State* (1929), 201 Ind. 691, 697, 171 N. E. 192; *Murphy* v. *State* (1884), 97 Ind. 579, 582; *Dolke* v. *State* (1884), 99 Ind. 229, 230; *Clayton* v. *State* (1884), 100 Ind. 201, 205; *Null* v. *State* (1922), 192 Ind. 451, 454, 137 N. E. 28; *Shular* v. *State* (1902), 160 Ind. 300, 307, 66 N. E. 746; *Niswonger* v. *State* (1913), 179 Ind. 653, 656, 102 N. E. 135.

But appellant complains that the evidence is such as to raise a reasonable doubt as to whether he was justified in what he did on the ground of self defense. The ■ jury was fully and correctly instructed on the law of self defense. The instructions on the subject contained every proposition presented by apellant in his brief. Both the jury and the court by their several action as before noted, have determined that the evidence on the subject of self defense was not sufficient to raise a reasonable doubt of appellant's guilt. They have personally heard all the evidence from the lips of the witnesses. They have observed the witnesses as they testified, and were in the best position to learn the truth in this case. They have embodied this knowledge in the verdict and the ruling on the motion for new trial respectively. Whether the evidence carried conviction beyond a reasonable doubt was a matter resting exclusively with them.

The judgment is affirmed.

Note.—Reported in 65 N. E. (2d) 414.