## BOWENS v. STATE OF INDIANA

[No. 28,930. Filed December 12, 1952. Rehearing denied January 19, 1953.]

*Thomas M. Crowdus,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *John Ready O'Connor, William T. McClain* and *Thomas J. Faulconer, III,* Deputy Attorneys General, for appellee.

JASPER, J. — Appellant was charged by indictment with murder in the first degree, under §10-3401, Burns' 1942 Replacement. He was found guilty of manslaughter by a jury, and was sentenced to serve not less than two nor more than twenty-one years in the Indiana State Prison. From a judgment on the verdict, he presents this appeal.

The sole assignment of error is the overruling of appellant's motion for new trial. Under this assignment, appellant asserts that the verdict was not sustained by sufficient evidence and was contrary to law.

Appellant contends that the evidence shows without conflict that his killing of the deceased was done in self-defense.

The evidence most favorable to appellee reveals that appellant, on December 2, 1950, met his wife and Raymond Bowens in a shoe repair shop; that the three went to the home of appellant where they drank some whiskey; that during the evening both appellant and the deceased, Raymond Bowens, cried; that appellant slapped his wife while arguing over money, and Raymond Bowens protested. The deceased was then going to take appellant's wife "out of there"; that she got her coat "and was going to carry Raymond out of there." Appellant then ran upstairs for his gun, and when his wife next saw him he was on the third step from the top with the gun in his hand. She then ran outside. The deceased was standing by the kitchen door with his hat and coat on. Appellant's wife pleaded with the deceased to come out. In answer to the question: "Did you see him then go out?" she answered: "I said I saw him make two or three attempts, but I don't know whether he was trying to come out or not. I kept on pleading with him to come out, and he wouldn't come out." She said that she then heard a gunshot and ran to call the police. She saw her husband leave the house. He climbed over the woodshed.

Raymond Bowens, the deceased, was found lying on the kitchen floor, with his head in the doorway, about ten feet from the stairway, with an open knife a few inches south of his right hand, and with a gunshot wound in his head, from which he died on December 3,

1950. An empty shotgun shell was found near the stairway. Appellant admitted that he was standing on the stairway and shot the deceased. Appellant was unharmed, and the knife found near the deceased had nothing on it. In a conversation, the wife of appellant stated to her husband: "Willie, you didn't have to do that. You didn't have to kill Raymond Bowen."

Self-defense is an ultimate fact solely for the determination of the jury. *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192; 26 Am. Jur., Homicide, §512, p. 511.

This court said, in *Myers* v. *State* (1922), 192 Ind. 592, 594, 137 N. E. 547, 548:

> "The first two causes in support of the motion for a new trial rely upon insufficient evidence to sustain the verdict. We have carefully examined the evidence, especially that pertaining to appellant's claim of self-defense. In that respect the evidence before us so strongly supports her contention that if we were permitted to weigh and pass upon it, we would not hesitate to say that it was sufficient to raise a reasonable doubt which would justify an acquittal of the accused. *Trogdon* v. *State* (1892), 133 Ind. 1, 32 N. E. 725; *Plummer* v. *State* (1893), 135 Ind. 308, 34 N. E. 968; *Clark* v. *State* (1902), 159 Ind. 60, 65, 64 N. E. 589. But we cannot weigh the evidence nor say what inferences the jury might reasonably draw from the evidence or circumstances pertaining to her possession of a deadly weapon, or her action in remaining in the room with a person whom she knew to be a dangerous character without sooner attempting to depart, and when she reasonably might have expected trouble with him. These and any other surroundings bearing upon the necessity or apparent necessity, as well as the amount of force necessary to employ to resist an attack, can only be determined from the standpoint of the appellant at the time and under all the existing circumstances, and were all proper matters for the jury alone to consider and weigh in determining

whether or not she committed the homicide in the reasonable exercise of the right of self-defense, and its conclusion thereon the record before us will not allow us to disturb. *King* v. *State* (1918), 187 Ind. 220, 118 N. E. 809; *Ellis* v. *State* (1898), 152 Ind. 326, 52 N. E. 82."

In *Oldham* v. *State* (1946), 224 Ind. 150, 155, 65 N. E. 2d 414, 415, 416, this court said:

"But appellant complains that the evidence is such as to raise a reasonable doubt as to whether he was justified in what he did on the ground of self defense. The jury was fully and correctly instructed on the law of self defense. The instructions on the subject contained every proposition presented by appellant in his brief. Both the jury and the court by their several action as before noted, have determined that the evidence on the subject of self defense was not sufficient to raise a reasonable doubt of appellant's guilt. They have personally heard all the evidence from the lips of the witnesses. They have observed the witnesses as they testified, and were in the best position to learn the truth in this case. They have embodied this knowledge in the verdict and the ruling on the motion for new trial respectively. Whether the evidence carried conviction beyond a reasonable doubt was a matter resting exclusively with them."

The trial court must have sufficiently instructed the jury on the law of self-defense, since no question is raised as to any instruction. It was for the jury to determine whether or not appellant acted in self-defense. The jury personally saw the witnesses and heard them testify. The jury weighed the evidence, and, on the motion for new trial, the trial court again weighed the evidence. *Oldham* v. *State* (1946), 224 Ind. 150, 65 N. E. 2d 414, *supra.* This court cannot weigh the evidence. *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915; *Myers* v. *State* (1922), 192 Ind. 592, 137 N. E. 547, *supra.* The verdict of the

jury will not be disturbed if sustained by any evidence of probative value or any inferences which may be properly drawn therefrom. *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912.

After reviewing all the evidence, we cannot say that the evidence on the issue of self-defense leads to but one reasonable conclusion and is without conflict. It is only when the evidence is without conflict and leads to but one reasonable conclusion, and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as being contrary to law. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N. E. 2d 136. We are unable to say that the verdict was the result of passion, prejudice, or other improper influence.

From the above facts, there was evidence, with the reasonable inferences to be drawn therefrom, of substantial and probative value, on each material element to prove the crime of manslaughter.

The verdict was not contrary to law.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 109 N. E. 2d 91.