(No. 32760.— )

THE PEOPLE *ex rel.* Elsie Millet, Appellant, *vs.* JOHN E. BABB, Sheriff, Appellee.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

BERKSON & SPITZER, of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JAMES V. CUNNINGHAM, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal to review an order of the criminal court of Cook County quashing a writ of *habeas corpus* and remanding petitioner, Elsie Millet, to the custody of respondent, John E. Babb, for extradition to the State of New York.

A complaint charging petitioner with being a fugitive from justice, and with the crime of subornation of perjury in the State of New York, as authorized by section 3 of the Fugitives from Justice Act, (Ill. Rev. Stat. 1951, chap. 60, par. 3,) was filed in the municipal court of Chicago on September 18, 1951. By agreement, hearings on this complaint were continued from time to time, and on December 26, 1951, while the fugitive complaint was pending, the Governor of Illinois, on the requisition of the Governor of New York, issued an extradition warrant. Thereafter, on January 11, 1952, no hearing ever having been had, the State entered a *nolle prosequi* on the fugitive complaint.

Petitioner was arraigned in the criminal court on the extradition warrant on January 11, 1952, her rights were explained to her by the court, and on that day her affidavit and petition for writ of *habeas corpus* were presented and the writ issued. On April 15, 1952, petitioner filed her amended petition, paragraph VI thereof alleging that petitioner was entitled to her discharge and that the People are barred from surrendering her custody to the messenger for the State of New York for the reason that the mandatory provisions of sections 3 and 4 of the Fugitives from Justice Act, requiring a hearing, its reduction to writing and the furnishing of a copy thereof to the executive of the State, were not complied with, in violation of due process as guaranteed her by the fourteenth amendment to the United States constitution.

This is the only point presented and argued to this court. Petitioner does not here deny that she is substantially charged with the commission of a crime in the State of New York, nor that she is a fugitive from justice in that State. Her sole contention here is that the Governor of this State is not authorized to issue an extradition warrant pending completion of the municipal court proceedings instituted by the State of New York. She argues that it was the purpose of the Illinois legislature, in passing this act,

to provide a fugitive with a judicial hearing, that such a proceeding, once commenced, precludes the Governor from disregarding the pending judicial hearing and issuing the warrant as an administrative act.

Petitioner cites no authority for her contention, and the purpose and interpretation of the sections of the statute upon which she relies have never been determined by this court. A similar contention was made in the recent case of *People ex rel. Gilbert* v. *Babb,* 415 Ill. 349, but was held to have been waived under the facts there present. To determine such purpose and interpretation we must consider the nature and purpose of the constitutional and statutory provisions establishing the right of extradition.

The right is vested in a demanding State and the duty is imposed upon an asylum State by section 2 of article IV of the constitution of the United States: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall, on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." To effectuate this constitutional mandate Congress provided the necessary procedure by the adoption of section 5278, U.S. Rev. Stat.: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand,

or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." Congress thus established a complete, expeditious and summary procedure for returning a fugitive from the asylum to the demanding State, for the guidance of and binding upon all the courts of the land. The nature, extent and limitations of the rights and duties of the respective States, their executives and the courts, involving the purpose, intent and interpretation of these constitutional and statutory enactments, have been before the courts, both State and Federal, in a multitude of cases out of which certain basic principles have become so well established they are no longer debatable.

Of these, pertinent to the question before us in this case, we find that the right and procedure of interstate extradition of fugitives is a creature of and controlled by the Federal constitution and effectuating statutes, (*United States* v. *Meyering*, 75 Fed. 2d 716; *People ex rel. Guidotti* v. *Bell*, 372 Ill. 572;) that it was intended to be a summary and ministerial proceeding to expedite the apprehension and return of fugitives rather than a judicial proceeding to inquire into the merits of the charges, and the statute should be accorded a liberal construction to accomplish the return of the fugitive summarily, (*Biddinger* v. *Commission of Police*, 245 U.S. 128;) that the procedure was not subject to the rules of judicial procedure and evidence, no rights being vested in the accused, and neither the constitution nor the statute providing for a judicial hearing; that when the demanding State has complied with the requirements of the Federal statutes, a *prima facie* case is established and it is the duty of the executive of the asylum State to issue the warrant; that the only questions open to determination by the demanded executive are (1) is the fugitive substantially charged with the commission of a crime in the demanding State, a question of law to be determined from the face of the requisition papers, and

(2) is the party a fugitive from justice, *i.e.,* was he in the demanding State on the date of the alleged offense, a question of fact which is established, *prima facie,* by the requisition papers and must be overcome by clear and convincing evidence, (*Ex Parte Reggel,* 115 U.S. 116; *Pettibone* v. *Nichols,* 203 U.S. 192;) that the procedure is not concerned with the merits of the case, it is no part of a criminal prosecution, and is not governed by technical common-law rules of procedure or evidence; and that the only evidence required is such evidence as satisfies the mind of the chief executive of the asylum State. It is usually held that, although no provision for a hearing before the executive is made by the constitution or statute, and no judicial hearing is contemplated, such hearings on the two questions, both before the executive and by the courts in *habeas corpus,* are allowed, although some doubt still exists as to the right to such hearings. *Roberts* v. *Reilly,* 116 U.S. 80; *Drew* v. *Thaw,* 235 U.S. 432; *Robb* v. *Connolly,* 111 U.S. 624.

It is also firmly established that extradition being the creature of and controlled by the Federal constitution and statutes, all State legislation must aid and not restrict or impede the summary exercise of the executive authority. *Biddinger* v. *Commission of Police,* 245 U.S. 128; *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79; *United States* v. *Meyering,* 75 Fed. 2d 716; *People* v. *Bell,* 372 Ill. 572.

All of these principles appear sound and based upon necessity and good reasoning. Every State's right to punish its offenders must be assured and such offenders should not be accorded protective asylum by another State. Federal, rather than State control, is essential to avoid a diversity of requirements and procedures. The constitutional right to trial by jury in the county where the offense is alleged to have been committed must be safeguarded as an individual right, yet not allowed to be a shield for a fugitive

in another State. The purpose of extradition being merely to return the fugitive to the place of his alleged offense, none of his constitutional rights, other than the right to personal liberty, are involved. All his constitutional rights are available to him, as to every other accused person, after he is returned for trial. The procedure therefore is ministerial rather than judicial. However, it being the inherent right of every sovereign State to protect every one within its territorial boundaries from an illegal deprivation of his right to personal liberty, and the ancient writ of *habeas corpus* having been in existence long before this constitutional provision, courts generally recognize the right to that writ to determine if the accused is substantially charged with a crime and is actually a fugitive from the demanding State.

Any legislation on the subject of extradition in this State must therefore be in accord with these principles and in aid of the provisions of the Federal constitution and statutes. Section 1 of the Illinois Fugitives from Justice Act (Ill. Rev. Stat. 1951, chap. 60, par. 1,) provides in substance that whenever the executive of any other State shall demand of the executive of this State any person as a fugitive from justice, and shall have complied with the requisitions of the act of Congress in that case made and provided it shall be the duty of the executive of this State to issue his warrant under the seal of the State to apprehend the said fugitive, etc. Section 2 of said act provides for the arrest and surrender of the fugitive to the demanding State with a provision for the production of said fugitive before a circuit or the criminal court of Cook County, where he is advised of his legal rights and his right to avail himself of the remedy of *habeas corpus* to protect his rights to personal liberty. Section 3 provides that when a person is found in this State, charged with an offense committed in another State, and liable, by the

constitution and laws of the United States to be extradited, a warrant may issue on a sworn complaint, setting forth the offense and such other matters as are necessary to bring the case within the provisions of the law, etc. Section 4 provides for a preliminary hearing, and commitment or fixing of bail; provision is then made for a written record of such hearing to be delivered to the court where the prisoner is bound to appear, a copy of such record to be delivered to the executive of the State, notice thereof to the executive of the State where the offense is alleged to have been committed, and for the issuance of a warrant upon demand, without requiring a copy of an indictment from the demanding State.

Sections 1 and 2 of the Illinois act supplement and are in aid of the Federal statute except as to the provision for a *habeas corpus* writ which is not expressly provided for in the Federal law, but, as noted above, the courts have generally allowed such writs. That question however is not now before us.

Sections 3 and 4, upon which petitioner relies, go beyond the provisions of the Federal constitution and statutory requirements and provide for a procedure for the apprehension and detention of a fugitive prior to any action by the injured State. Such procedure therefore cannot be based upon the indictment or accusation of the injured State, as the Federal statute contemplates, and must therefore make its own provision for a sworn complaint and a judicial hearing thereon in order to satisfy the requirements of due process.

Petitioner then contends that since her arrest and detention on the fugitive complaint and warrant would not be legal without provision for a judicial hearing, that procedure, once begun and being a judicial procedure, precludes the executive from issuing his warrant as an administrative act until the judicial hearing, to which she is entitled on the fugitive complaint, has been completed.

That contention is not warranted by the reading of the statute, is contrary to the well-established principles evolved from the Federal constitutional and statutory provisions, and it has no constitutional, legal or humane basis. So interpreted, our statute would require a judicial hearing on the merits of the charges even after the demanding State had fully complied with the requirements of the Federal statute, a procedure which both the constitutional mandate and Federal statute seek to avoid. Such a hearing is unnecessary, is without reason or basis because, as we have pointed out above, the fugitive's constitutional rights are all available to him upon his return for trial, and his right to personal liberty is amply protected in this State by his right to the writ of *habeas corpus.*

If we presume, as we do, that our legislature was fully cognizant of the Federal laws, judicial interpretations and the established principles of interstate extradition, the intent and purpose of sections 3 and 4 of the Illinois statute are clear. It was not the intention of the legislature to provide for a judicial hearing on the merits for an offense alleged to have been committed in another State, and thereby to impede the summary process of extradition, but rather to aid the Federal process by providing a method for the arrest and detention of fugitive criminals found in Illinois pending the demand of the injured State and the issuance of the extradition warrant. Such detention, preceding the demand of the injured State, would not constitute due process without a right to a hearing on the complaint authorizing such detention pending the issuance of the extradition warrant. The issuance of that warrant however, under the authority of the Federal constitution and statute, takes priority over any other State process by which the fugitive is held. (*Roberts* v. *Reilly,* 116 U.S. 80; *People ex rel. Barrett* v. *Bartley,* 383 Ill. 437.) Upon the issuance of such warrant it is the duty of the officer or court having custody of the fugitive to surrender that

custody as commanded by the extradition warrant and the proceedings under the fugitive complaint are rendered *functus officio* and should be dismissed.

Petitioner cannot, in a *habeas corpus* petition contesting her detention on an extradition warrant, complain of her previous detention on the fugitive warrant, since she could then have availed herself of the same remedy to test the validity of that detention. *People ex rel. Mack* v. *Meyering*, 355 Ill. 456.

In the instant *habeas corpus* proceeding challenging her detention under the extradition warrant, petitioner had the burden of showing that she was not substantially charged with a crime in the State of New York, or that she was not a fugitive from justice from that State. She failed to sustain that burden in the trial court and the writ was properly quashed.

The judgment of the criminal court of Cook County must be and is affirmed.
*Judgment affirmed.*