THE PEOPLE *ex rel.* MYRNA MOLOCK, Relator-Appellant, *v.* RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

First District (3rd Division)    No. 76-1460

Opinion filed September 7, 1977.—Rehearing denied October 4, 1977.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes and John M. Kalnins, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Relator, Myrna Molock, appeals from an order of the circuit court in an extradition proceeding which denied her application for a writ of *habeas corpus* and remanded her to the Michigan authorities. (Ill. Rev. Stat. 1975, ch. 60, par. 18 *et seq.*) She contends that the State's failure to introduce

into evidence the Illinois governor's warrant requires her discharge from custody, as does her uncontradicted rebuttal of the State's *prima facie* case that she was in the demanding State at the time of the offense.

At the hearing on the application, the State read into the record the contents of the governor's warrant, reciting that relator was charged in Michigan on November 28, 1974, with the offense of first degree murder. Although the State submitted the warrant as an exhibit for identification at that time, the record discloses it was never admitted into evidence. Relator testified in her own behalf and denied she was present in Michigan on the date in question. She admitted she was the person named in the warrant. The State then introduced into evidence the Michigan documents supporting the Illinois governor's warrant. The Michigan papers consist of the application for the Michigan governor's requisition for extradition; the complaint, information and warrant charging the Michigan offense; various affidavits and certificates by Michigan officials relating to authenticity of papers and officers' authority to act; factual affidavits by an eyewitness to the offense and a Michigan police officer; and various identification material concerning relator. Although relator had objected at trial to several of the Michigan papers, no question is raised in that regard on this appeal. At the conclusion of the hearing, the trial court quashed the writ of *habeas corpus* and remanded relator to the Michigan authorities.

■■ The governor's warrant will establish a *prima facie* case that an accused is a fugitive from justice. Upon its introduction into evidence, the burden devolves upon the accused to demonstrate beyond a reasonable doubt that he was not in the demanding State at the time of the offense. *People ex rel. O'Mara v. Ogilvie* (1966), 35 Ill. 2d 287, 220 N.E.2d 172.

■■ Relator is correct that the State failed to secure admission of the governor's warrant into evidence. However, the record discloses that its contents were read into evidence at the outset of the hearing without objection by relator. Failure to raise an objection to that evidence precludes relator from questioning its admissibility on this appeal. (*People v. Linus* (1971), 48 Ill. 2d 349, 270 N.E.2d 12.) Moreover the record reveals that the contents of the governor's warrant, as read into the record, were supported by the Michigan papers thereafter introduced into evidence which are not challenged on this appeal. (See *In re Extradition of Leonard* (1975), 27 Ill. App. 3d 870, 327 N.E.2d 480.) The contention advanced by relator is therefore without merit under these circumstances. See also *People v. Pittman* (1973), 55 Ill. 2d 39, 302 N.E.2d 7.

■■ As noted, once evidence is introduced that the accused is a fugitive from justice, the duty devolves upon the accused to prove beyond a reasonable doubt that he was not in the demanding State on the

date of the offense. (*People ex rel. O'Mara v. Ogilvie; People ex rel. Blassick v. Callahan* (1972), 50 Ill. 2d 330, 279 N.E.2d 1.) Where the evidence is simply conflicting or contradictory, the court will not discharge the accused.

■■ The State here offered evidence that relator was the person seen in Michigan on the date of the offense, while relator's evidence consisted solely of a denial of such fact. The evidence was simply in conflict and thus did not justify her discharge. The language which relator notes from the case of *People ex rel. Borelli v. Sain* (1959), 16 Ill. 2d 321, 157 N.E.2d 417, to the effect that a denial of presence in the demanding State rebuts the *prima facie* case established by the State, does not aid relator's instant contention. The court in *Borelli* noted that such denial renders the "evidence in conflict." *Cf. People ex rel. Blassick v. Callahan.*

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.