LARRY J. HUDSON, SR. a/k/a ROY WRIGHT *v.* STATE OF INDIANA

[No. 1-977A225. Filed December 28, 1977.]

*William K. Teeguarden*, Vigo County Public Defender, of Terre Haute, for appellant.

*Theodore L. Sendak*, Attorney General, *Charles D. Rodgers*, Deputy Attorney General, for appellee.

## CASE SUMMARY

ROBERTSON, C.J.—Defendant-appellant, Larry J. Hudson, Sr., was found guilty of Failure to Provide Support pursuant to the provisions of IC 1971, 35-14-4-1 (Burns Code Ed.), in a trial before the court, and was sentenced to the custody of the Indiana Department of Corrections for a period of six months. Following the denial of his motion to correct errors Hudson perfected this appeal.

Hudson's sole contention of error is that the evidence was insufficient to support the decision of the court finding him guilty of wilfully neglecting to provide support for his four children.

The evidence most favorable to the State reveals that Hudson

was self-employed as a carpet installer for half of the year 1974. Hudson did some hourly work for two carpet stores until March, 1975, since which time he has not been employed. Until October, 1975, Hudson and his family lived off the proceeds of a loan and the profit from the sale of their house.

In November, 1975, Hudson's wife received a divorce decree which required him to pay fifty dollars per week for the children's support. She has received no money for their children's support from him since October, 1975.

When the sufficiency of the evidence is raised as an issue on appeal, this Court will not weigh the evidence nor determine the credibility of witnesses. We will only consider that evidence most favorable to the State with the logical and reasonable inferences which may be drawn therefrom. We will affirm the conviction if there is substantial evidence of probative value from which the trier of facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *McAfee v. State* (1973), 259 Ind. 687, 291 N.E.2d 554, *Hopper v. State* (1974), 161 Ind. App. 29, 314 N.E.2d 98.

Hudson does not dispute the fact that the State proved that the four children were his or that he failed to provide any funds or means of support after October, 1975. He argues, however, that the evidence does not show beyond a reasonable doubt that the failure to provide was wilfully done.

It is not necessary to prove the element of wilfulness by direct or positive evidence in an action for failure to provide support. *Francis v. State* (1945), 223 Ind. 186, 59 N.E.2d 565.

The words "wilfully neglects to furnish" require a finding of a deliberate or perverse design, malice, or an intentional or deliberate breach by the parent of his duty to support his children. *Hummel v. State* (1920), 73 Ind. App. 12, 126 N.E. 444. The evidence must indicate more than mere carelessness and neglect. Cf., *Emmons v. Dinelli* (1956), 235 Ind. 249, 133 N.E.2d 56.

The evidence in the case at bar shows that Hudson quit working, both in his own business and for hourly hire, by March, 1975. He was not confined to a hospital nor was he in any way physically or mentally incapacitated. However, he did spend about four months in jail following convictions for the offenses of burglary and shoplifting. Several times, after October, 1975, the children's mother told him to get a job and to straighten up so that his children would have some respect for him. Whenever she asked him what he would do about it, the only answer she got from him was "I don't know."

Wilfulness may be more easily shown under circumstances where the parent refuses to support the child when he clearly has the financial means. Cf., *Horlock v. Oglesby* (1967), 249 Ind. 251, 231 N.E.2d 810. However, we find sufficient evidence from which reasonable men could find beyond a reasonable doubt that Hudson was deliberately pursuing an irresponsible lifestyle, that he intentionally failed to conscientiously seek employment, and that he wilfully neglected to provide support for his children.

We affirm.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 370 N.E.2d 983.