THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM
CHESTER HOUSE, Defendant-Appellee.

Fifth District   No. 77-302

Opinion filed June 30, 1978.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and John A.
Clark, both of Illinois State's Attorneys Association, of counsel), for the People.

Michael J. Rosborough and Jeffrey M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

The State appeals from an order of the Circuit Court of St. Clair County granting defendant William Chester House's petition for a writ of *habeas corpus.*

On December 27, 1976, defendant was arrested as a fugitive from justice on the basis of a criminal complaint charging him with the commission of certain offenses in the State of Iowa on July 29, 1976. Defendant thereafter petitioned for release upon a writ of *habeas corpus* on the grounds that he was not present in Iowa on the date of the alleged offenses.

At the hearing on the petition, both the Iowa governor's warrant and the Illinois governor's warrant were introduced into evidence without objections. The defendant testified that although he was a resident of Iowa prior to July 5, 1976, he had not been in that State after that date. According to the defendant, he moved to St. Louis, Missouri, on July 6, 1976, where he temporarily lived with his nephew, Ronald House, until the end of that month at which time he took up residence with Ms. Kuhabi Fatima, also in St. Louis. It was House's testimony that the defendant lived in his home from the end of June to the end of July 1976, and that he had seen the defendant on a daily basis during this period. Fatima confirmed that the defendant moved into her home during the last week of July 1976, and she also testified that she had seen the defendant at least daily during this time. When asked about his activities on the day in question, defendant stated that he believed he was working at home during the daylight hours and that he recalled going to the racetrack that evening with a friend, Jerome Snipes. Although Snipes testified that the defendant had frequently accompanied him to the racetrack, he was uncertain whether they had gone together on the evening of July 29, 1976.

The State presented the testimony of two witnesses at the hearing, Ronald Warne and Kenneth Hall. Warne testified that he had investigated the offenses in his capacity as a detective for the city of Des Moines, Iowa, and that he had subsequently requested a warrant for the defendant's arrest. Warne also identified the warrant for the defendant's arrest which had been issued by the Governor of Iowa. Hall testified that he was employed as a customer service officer for a bank in Des Moines on July 29, 1976. He related that he had seen and had dealings with the defendant for approximately one-half hour on that day regarding a refund sought by the defendant on lost or stolen traveler's checks. He identified the defendant at the hearing and stated that he had not seen him before or after that date, but that he had twice seen a photograph of the defendant

in November 1976, and in a five-photograph display on the day of the hearing.

At the close of the evidence, the court found that the defendant had not been in Iowa on July 29, 1976, and granted his petition for release.

The State contends that the lower court erroneously weighed the conflicting evidence adduced at the hearing in reaching its decision to grant the defendant's petition for a writ of *habeas corpus*. We agree.

■■■ It is well settled that in a hearing on a petition for a writ of *habeas corpus* in an extradition proceeding the scope of inquiry is limited to three questions: (1) whether the accused is substantially charged with the crime under the laws of the demanding State; (2) whether the person in custody is the person charged; and (3) whether he is a fugitive from justice (*People ex rel. Kubala v. Woods*, 52 Ill. 2d 48, 284 N.E.2d 286 (1972); *People ex rel. Hackler v. Lohman*, 17 Ill. 2d 78, 160 N.E.2d 792 (1959)). Where, as here, the only challenge made by the relator is that he is not a fugitive from justice, the introduction into evidence of the governor's warrant constitutes a *prima facie* case on behalf of the asylum State and it devolves upon the accused the burden of proving conclusively or beyond a reasonable doubt that he was not in the demanding State at the time of the alleged offense. *People ex rel. Blassick v. Callahan*, 50 Ill. 2d 330, 279 N.E.2d 1 (1972); *People ex rel. Douglas v. Woods*, 39 Ill. 2d 381, 235 N.E.2d 601 (1968).

■■ While the quantum of proof which must be adduced by a relator in order to obtain his release in an extradition proceeding does not require the production of uncontradicted evidence on his behalf, it is "only when it is so conclusively proved that no question can be made that the person was not within the demanding State when the crime is said to have been committed can he be discharged." (*People ex rel. Webb v. Babb*, 5 Ill. 2d 35, 41, 123 N.E.2d 822, 825 (1954).) Thus, when the evidence on the question is *merely* contradictory, the court may not weigh the evidence and discharge the alleged fugitive from justice. *People ex rel. Blassick v. Callahan; People ex rel. O'Mara v. Ogilvie*, 35 Ill. 2d 287, 220 N.E.2d 172 (1966); *People ex rel. Garner v. Clutts*, 20 Ill. 2d 447, 170 N.E.2d 538 (1960); *People ex rel. Webb v. Babb; People ex rel. Downer v. O'Brien*, 373 Ill. 383, 26 N.E.2d 488 (1940).

■■ The defendant seeks to circumvent these well-established principles by arguing, citing *People ex rel. O'Mara v. Ogilvie*, that it is the function of the trial court to assess the credibility of witnesses and that the lower courts determination in the instant cause could have reasonably been based on a finding that the State's witnesses were *incredible*. Hence, defendant contends that there was no contradiction in the evidence and that he successfully overcame the *prima facie* case raised by the governor's warrant. While we do not dispute defendant's basic tenet that

it is the function of the trier of fact to determine the credibility of witnesses and the weight to be accorded to their testimony, we do not believe the lower courts determination in this cause rested on this basis. Defendant does not assert that the State's witnesses were totally unbelievable nor could he successfully advance such an argument based on our review of the record. Instead we believe that the trial court improperly weighed the evidence which was merely contradictory. Accordingly, we find that the defendant failed to sustain his burden of proof on the question of his presence in the demanding State on July 29, 1976, and that, therefore, the lower court's granting of the defendant's petition for a writ of *habeas corpus* was contrary to the manifest weight of the evidence.

For the reasons stated, the order of the Circuit Court of St. Clair County is reversed.

Reversed.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.