THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY JEAN WILLIAMS, Defendant-Appellant.

Second District    No. 77-596

Opinion filed February 8, 1979.—Rehearing denied March 19, 1979.

352

Mary Robinson and Richard Cunningham, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from an order denying her petition for a discharge from an extradition warrant which was based on the charge that she was a fugitive from justice. (Ill. Rev. Stat. 1975, ch. 60, par. 30.) Defendant contends that she may not be considered a fugitive from justice in another State under the Extradition Act since the offense which amounts to a violation of probation in the demanding State was committed outside that State. She also contends that in any event the misstatement in the Governor's demand for extradition that the offense was committed while defendant was within the demanding State is a substantial defect sufficient for discharge.

On February 22, 1977, an information was filed in Kane County charging that defendant had committed the offense

"of Fugitive from Justice (Felony, in violation of Chapter 60, Section 30, of the Illinois Revised Statutes, as amended, in that, defendant after having been charged in Tuscaloosa County, State of Alabama with a probation violation and Grand Larceny, a certified copy of said charges is attached to, incorporated in and made a part of this complaint by reference thereto, she did flee the State of Alabama with the intent to avoid prosecution."

Defendant was arrested on this charge and admitted to bond. On March 22, 1977, the Governor of Alabama forwarded extradition papers including warrants charging defendant with the crime of violation of probation; an application for extradition stating that subsequent to being placed on probation for a period of five years in Alabama with inactive supervision to be exercised by Illinois authority she was arrested for theft and possession of marijuana "for which crime she was convicted and sentenced by Illinois authorities." Proof of defendant's original conviction for grand larceny in Alabama was also attached; as well as proof of defendant's violation of probation and the judgment revoking probation.

Defendant filed a "PETITION FOR HEARING" on April 18, 1977, charging, among other things, that the restraint of the defendant on bond was illegal in that the papers on which the warrants were issued were insufficient since defendant was not present in the State of Alabama on February 22, 1977, when the offense alleged to be a violation of probation was committed, denied fleeing from the State of Alabama and charged that the warrant issued by the Governor of Illinois was therefore void. Her petition and prayer for discharge was denied after an evidentiary hearing from which defendant has appealed.

In the evidentiary hearing defendant testified that she was found guilty of the offense of grand larceny in Alabama in 1974 but claims that she was never informed by the judge that she was being placed on probation. She said that the public defender told her that she had to leave the State of Alabama and she was not to return to the State. She testified that she went to live in Chicago and never returned to the State of Alabama after being told to leave in April 1974. She had never been on probation prior to the incident in Alabama, but admitted that since returning to Illinois she had been placed on probation in this State.

The Uniform Criminal Extradition Act encompasses these circumstances:

"The Governor of this State may also surrender, on demand of the Executive Authority of any other state, any person in this State charged in such other state * * * with committing an act in this State, or in a third state, intentionally resulting in a crime in the

state whose Executive Authority is making the demand." Ill. Rev. Stat. 1975, ch. 60, par. 23.

It is undisputed that defendant at no time returned to Alabama after her conviction in 1974. Also, despite her claim that she received no papers and did not know she had been placed on probation for five years, the record belies this. There is also no dispute that she was thereafter convicted in Illinois of offenses which would amount to a violation of the Alabama probation order.

■■ ■ Even though it cannot be said that defendant fled from Alabama after either committing the original offense for which she was placed on probation or after committing the offenses in Illinois which formed a basis for the revocation of her Alabama probation, she may still be considered a fugitive from justice in the demanding State. (See Ill. Rev. Stat. 1975, ch. 60, par. 30; *People ex rel. Ross v. Becker*, 382 Ill. 404 (1943).) In *Becker*, the Illinois Supreme Court, speaking in reference to a similar Federal constitutional provision, stated:

"[A] paroled prisoner who has left the State of conviction pursuant to the terms of his parole, * * * but later violates his parole, is a person charged with crime and a fugitive from justice subject to extradition." (382 Ill. 404, 411.)

(See also *People ex rel. Westbrook v. O'Neill*, 378 Ill. 324, 328 (1941).) The fact that this defendant was on probation rather than parole would not appear to be significant.

The proof in the record appears sufficient to support extradition under section 6 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1975, ch. 60, par. 23). See *People ex rel. Tennenbaum v. Woods*, 43 Ill. 2d 322, 324 (1969).[1]

Defendant next argues that section 6 (par. 23) does not apply because the Governor of Alabama certified in the extradition demand that defendant was charged with the crime of violation of probation which contained the statements in the printed form that it was committed "in this State" and that the defendant "was personally present in the State of Alabama at the time of the alleged commission of said offense, and has fled from justice in this State and has taken refuge in the State of" Illinois.

However, it is clear from the application for extradition and all supporting documents that the violation of probation, the commission of theft and possession of marijuana for which crimes she was convicted and sentenced by Illinois authorities, was the basis of the demand. Under these circumstances defendant's argument that section 6 (par. 23) does not apply because the Governor of Illinois relied upon misleading information in issuing the extradition warrant does not appear to be persuasive. The Governor's rendition warrant notes that he has before

---

[1] *Cf. Michigan v. Doran*, ___ U.S. ___, ___, 58 L. Ed. 521, 99 S. Ct. 530, 535 (1978).

him the affidavit and warrant, indictment, judgment entry, writ of arrest and affidavit of probation officer, which in total clearly show the nature of the offense for which extradition was requested and that therefore the Governor was not relying on the misstatement in the demand for extradition in issuing his warrant.

■■ ■ The Illinois Extradition Act provides that "[t]he warrant must substantially recite the facts necessary to the validity" of the issuance of the Governor's warrant. (Ill. Rev. Stat. 1975, ch. 60, par. 24.) Legal deficiencies in rendition warrants may be cured in discharge proceedings by production of papers upon which the warrant was issued and which show that the warrant was justified. (*May v. Sexton*, 35 Ill. 2d 585, 588 (1966). See also *People ex rel. Kubala v. Woods*, 52 Ill. 2d 48, 53-54 (1972).) While there appears to be no case which has considered precisely the effect of a misstatement in a governor's demand for extradition such as here, a general rule would seem to apply that the pleading requirements for extradition are not strict and that the documents supporting the requested warrant are to be considered as a whole. *People ex rel. Chevlin v. O'Brien*, 372 Ill. 640, 642 (1939). See also *People ex rel. Hackler v. Lohman*, 17 Ill. 2d 78, 88-89 (1959); *People ex rel. Brown v. Jackson*, 49 Ill. 2d 209, 213 (1971); *People ex rel. Brenner v. Sain*, 29 Ill. 2d 239, 241 (1963).

We therefore affirm the judgment of the trial court.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.