THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ROBERT D. BOSWELL, Defendant-Appellee.

Second District   No. 85—0519

Opinion filed November 3, 1986.

STROUSE, J., dissenting.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

The State appeals from the judgment of the circuit court of Du Page County granting defendant's petition for a writ of *habeas corpus* in an extradition proceeding. The State claims the trial court erred in deciding an extradition matter on the basis of the merits of the Indiana criminal charge.

The present proceeding began when defendant, Robert Boswell, was arrested pursuant to a governor's warrant issued by the Governor of Illinois on January 3, 1985, pursuant to a demand of the Governor of Indiana made on December 12, 1984. The warrant recited that defendant had been charged by information with the crime of failure to provide for his dependent minor children, a Class D felony in Indiana. (Ind. Code sec. 35—46—1—5 (1985).) Defendant filed his petition for a writ of *habeas corpus* on May 21, 1985. On June 5 an extradition hearing was held in the circuit court of Du Page County. Based on the evidence adduced at that hearing, the court granted the writ, and the State appeals.

The evidence showed that defendant and his wife, now known as Ruth Brown, were divorced in Michigan in 1974. The court order dissolving the marriage ordered defendant to pay $100 per week for the support of his four minor children. Sometime after the divorce his ex-wife and the children moved to Indiana, where they continue to reside. Defendant was unable to find work in Michigan and moved to Illinois. For the past five years he has resided in Carol Stream, Illinois. He denied ever being a resident of Indiana and denied ever being in Indiana.

In 1979 a proceeding was begun in the circuit court of Lake

County, Illinois, under the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*), alleging that defendant was substantially in arrears in his support payments. Several different payment orders have been entered in that case. Apparently the most recent requires defendant to pay $90-per-week support plus $10 toward the arrearage. The evidence was conflicting as to whether defendant is now substantially current in those payments, but it was undisputed that some payments have been received by the Indiana authorities pursuant to that case. It was also undisputed that Boswell's payments remained substantially in arrears pursuant to the original order in the dissolution proceeding in Michigan.

The trial court in its oral findings indicated that it was required to determine whether a crime had been committed in the demanding State. The court was bothered by the fact that there was a URESA, child support, case between the parties in Lake County, Illinois, which was not acknowledged in the underlying documents supporting the respective governors' requisition and warrant and that the evidence discloses that defendant was in substantial compliance with the payment requirement of that proceeding. However, the court did not consider the nonacknowledgement sufficient to grant the petition for *habeas corpus*, but rather considered it a technical deficiency.

The court, in addressing the question of whether it had been established that a crime was committed in Indiana, concluded that, under the laws of Indiana, "there had been absolutely no finding of any indication of knowingly and intentionally. As a matter of fact, it is just the opposite in this case. He is providing support to the best of his ability in this case and there have been court proceedings here in Illinois. Your petition for a Writ of Habeas Corpus is granted."

The State on appeal argues, essentially, that the only basis for granting the writ was the trial court's determination that defendant was not guilty of the Indiana offense, an issue not relevant to an extradition proceeding. We agree. A review of the record clearly shows that the court was convinced that defendant did not knowingly and intentionally fail to provide because he was substantially current with his payments under the Lake County, Illinois, URESA proceeding.

■ Initially, it is important to keep in mind the purpose and scope of extradition proceedings. Extradition is governed by the Federal Constitution (U.S. Const., art. IV, sec. 2) and Federal law (18 U.S.C.A. sec. 3182 *et seq.* (West 1985)). Under the Constitution, extradition of fugitives from justice is an absolute right of the demanding State. (*People ex rel. Millet v. Babb* (1953), 1 Ill. 2d 191, 194.) State extradi-

tion laws are designed to be summary procedures to effectuate this right, not proceedings to inquire into the merits of the charge. 1 Ill. 2d 191; *Papas v. Brown* (1980), 88 Ill. App. 3d 471, 476, 410 N.E.2d 568, 570-71.

■■■ The Supreme Court has held that only four issues are appropriate for determination in *habeas corpus* proceedings to determine the validity of extradition: (1) whether the extradition documents on their face are regular in form; (2) whether the petitioner has been *charged with a crime* in the demanding State; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. (*Michigan v. Doran* (1978), 439 U.S. 282, 289, 58 L. Ed. 2d 521, 527, 99 S. Ct. 530, 535.) In the present case, it was conceded that the documents were regular on their face and that defendant is the person named therein. We hold that it was error for the trial court to inquire into whether a crime had been committed in Indiana as exceeding the scope of the inquiry of the asylum State.

■■■ While the basis upon which the trial court issued the writ of *habeas corpus* was error, a court of review can affirm the trial court on any legal basis appearing of record. (*People v. Merz* (1984), 122 Ill. App. 3d 972, 461 N.E.2d 1380.) Defendant contended in the trial court that the recital on the face of the governor's warrant that defendant is a fugitive from Indiana, when in fact defendant testified that he was never in Indiana, is a fatal defect entitling defendant to his release. (See *People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 173-74.) As the trial court correctly noted, however, this "defect" is not fatal. Section 6 of "An Act relating to the extradition of persons charged with crime ***" permits the extradition of persons who reside in Illinois but commit acts which result in a crime in the demanding State. (Ill. Rev. Stat. 1983, ch. 60, par. 23.) The supporting papers may be considered in determining the validity of an extradition warrant. (*People ex rel. Kubala v. Woods* (1972), 52 Ill. 2d 48, 55.) A technical variance between the supporting papers and the face of the warrant is not normally fatal. Compare *People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 173-74, with *People ex rel. Brown v. Jackson* (1971), 49 Ill. 2d 209, 213, and *People ex rel. Brenner v. Sain* (1963), 29 Ill. 2d 239, 241.

■ In the present case, the information and affidavit presented to the Governor clearly show that extradition was being sought pursuant to section 6 (Ill. Rev. Stat. 1985, ch. 60, par. 23) and that the Governor was not misled. (See *Beauchamp v. Elrod* (1985), 137 Ill. App. 3d 208, 213, 484 N.E.2d 817.) The fact that the printed language on the face of the warrant stated that defendant was a fugitive from Indiana should

not defeat extradition. (*People v. Williams* (1979), 68 Ill. App. 3d 351, 354, 386 N.E.2d 145, 147.) Further, the claim of defendant that he was not a fugitive, without any substantiating proof, does not conclusively establish that he was not a fugitive for the purpose of an extradition proceeding. (See *Beauchamp v. Elrod* (1985), 137 Ill. App. 3d 208, 484 N.E.2d 817.) A defendant's testimony that he was absent from the demanding State at the time in question is merely contradictory and does not overcome the *prima facie* case established by the Governor's warrant. (*People ex rel. Douglas v. Woods* (1968), 39 Ill. 2d 381, 384-85, 235 N.E.2d 601, 603-04; *People ex rel. Martin v. Elrod* (1976), 36 Ill. App. 3d 952, 954, 344 N.E.2d 714, 716, *cert. denied* (1977), 430 U.S. 955, 51 L. Ed. 2d 804, 97 S. Ct. 1599.) Defendant has the burden of proving his contention beyond a reasonable doubt. *People v. House* (1978), 61 Ill. App. 3d 668, 670, 378 N.E.2d 331, 332; *People ex rel. Molock v. Elrod* (1977), 53 Ill. App. 3d 14, 15, 368 N.E.2d 487, 489.

■ The inquiry thus devolves, as it did in the trial court, to whether defendant is charged with a crime in Indiana. The evidence introduced at the hearing clearly showed that he was so charged. Both the warrant itself and the information on which it was based were introduced at the hearing. There was no question regarding their authenticity. A photocopy of the page in the statute book where the statute in question appears was introduced without objection. The wilfulness of the failure to provide is an element of the crime under Indiana law which must be proved by the State beyond a reasonable doubt. (*Burris v. State* (1978), 178 Ind. App. 327, 331-32, 382 N.E.2d 963, 966; *Hudson v. State* (1977), 175 Ind. App. 237, 238, 370 N.E.2d 983, 984.) Such issues are for the Indiana courts to decide. As the Supreme Court stated, "[t]o allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, sec. 2." *Michigan v. Doran* (1978), 439 U.S. 282, 290, 58 L. Ed. 2d 521, 528, 99 S. Ct. 530, 536.

For the foregoing reasons, the judgment of the circuit court of Du Page County granting the writ of *habeas corpus* is reversed.

Reversed.

UNVERZAGT, J., concurs.

JUSTICE STROUSE, dissenting:
I must respectfully dissent from the position taken by my colleagues in this case. Their analysis of the general law of extradition is

not appropriate because of the unusual facts of this case. The parties were divorced in Michigan, and the wife moved to Indiana, while the defendant moved to Illinois. The wife did not attempt to enforce the original decree in Michigan. The wife, through the State of Indiana, commenced enforcement proceedings in the State of Illinois by initiating a proceeding in the circuit court of Lake County, the defendant's place of residence, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*). Service was obtained on the defendant, hearings were held and orders were entered for payment of current support. The question of arrearages was raised in that proceeding, and, again, after a full hearing, orders were entered for the payment of all arrearages. Although the matter was pending in Lake County, Illinois, no further action was taken in that proceeding. Instead, the State of Indiana, disregarding the pending proceeding in Illinois, initiated proceedings to extradite the defendant for a criminal prosecution. These proceedings raised the same questions of nonpayment of child support and arrearages that had just been decided in our courts. This proceeding would attempt to relitigate in Indiana the determination of whether there was any valid reason for the arrearages and their payment. The pending proceeding in our State preempts the demanding State from proceeding upon the same matter under the same set of facts under its criminal code. While the defendant may have been in arrears, a court in Illinois selected by the petitioner has determined whether he was able to make the payments required by the Michigan decree; whether he is in arrears; the amount of the arrearages; and the amount that he can currently pay upon those arrearages. Our pending proceeding also provides for punishment for any wilful violation. To attempt extradition to Indiana, after the finding in Illinois, violates the most basic precepts of our own constitution about imprisonment for debt. The only purpose for extradition under this set of facts is to seek incarceration. The question of whether there are arrearages and whether nonpayment is wilful has been decided and continues to pend in Illinois, where the defendant lives. There is no issue for the Indiana courts to decide under these circumstances, and such action defeats the very purpose of the Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*). Extradition is inappropriate while this matter is pending in the courts of Illinois. I would affirm the action of the trial court in granting the writ of *habeas corpus.*